RAYMOND v. GREEN.

1. GAMING—SLOT MACHINES—RECOVERING MONEY LOST—STATUTES.
   A slot machine is a gambling device within the provisions
   of section 5929, 2 Comp. Laws, 2 Comp. Laws 1915, §
   7795, authorizing the recovery of money lost by playing
   or betting on cards "or by any other device in the nature
   of such playing and betting."[1]

2. SAME—OWNERSHIP—DELIVERY OF WINNINGS.
   The deposit of money in the machine was a delivery to the
   owner thereof, since no one else had access to it; and it
   cannot be contended that those playing the machine were
   playing with each other, because it could not be played
   in such a way as to eliminate the owner as a factor in
   the game.

3. SAME—RECOVERING MONEY LOST.
   Where the money lost was embezzled by plaintiff from a
   railroad company, of which he was agent, he was the
   lawful custodian of it when it went into the machine, and
   he had the right to recover it, as against the defendant.

4. SAME—DAMAGES—AMOUNT LOST—EVIDENCE.
   Evidence by plaintiff of the total amount of his income,
   and of his various expenditures for living expenses during
   the time involved, held, sufficiently definite to justify a
   judgment for plaintiff of $145.

Error to Bay; Coumans, J. Submitted October 5,
1916. (Docket No. 42.)   Decided March 29, 1917.

Assumpsit by Shirley D. Raymond against James
Green and another for money had and received, under
section 7795, 2 Comp. Laws 1915. Judgment for plain-
tiff. Defendants bring error. Affirmed.

*W. A. Collins* and *C. W. Hitchcock*, for appellants.

[1] On the operation of slot machine as gambling see notes in
20 L. R. A. (N. S.) 239; 34 L. R. A. (N. S.) 573; 42 L. R. A.
(N. S.) 720.

*H. Victor Spike (J. C. Hewitt,* of counsel), for appellee.

BIRD, J.   Plaintiff was station agent for the Michigan Central Railroad Company at Auburn, and between the dates of July 1, 1913, and April 21, 1914, he embezzled the company's funds to the amount of $1,-044.59.   It is his claim that $320 of this sum went into defendants' slot machine, which was kept in the saloon of the defendant James Green, and he brought this suit to recover it under 2 Comp. Laws, § 5929 (2 Comp. Laws 1915, § 7795), the material part of which reads:

"And any person that shall lose any sum of money, or any goods or articles of value, by playing or betting on cards, or by any other device in the nature of such playing and betting, and shall pay or deliver the same or any part thereof to the winner, the person so playing or delivering the same may sue for and recover such money in action for money had and received, to the use of the plaintiff; and such goods or other articles of value in an action of replevin, or the value thereof in an action of trover, or in a special action on the case."

The jury found that the plaintiff had lost $145 in the machine, and rendered a verdict therefor.   Defendant has assigned several errors on the proceedings.

1. The defendant Bert Green, who owned the machine, testified that:

"The machine is self-regulating, and I kept it for the purpose of having it operated.   There are 32 marks of the reds and 32 of the blacks.   The player has a chance of winning every time the machine operates. The chance of the machine winning is 62 out of 94. This machine is a gambling device.  *  *  *  In order for a person who plays the slot machine to win it is essential that the color that he plays on stops under the dial."

It is not seriously contended by defendant's counsel that the slot machine was not a gambling device, but

they insist that it is not such a one as comes within the range of the foregoing statute, because it lacks certain essential elements, which are:

(*a*) "That a sum of money shall have been lost."

(*b*) "That it be by playing or betting on cards or by any other device in the nature of such playing or betting."

(*c*) "That the money shall have been paid or delivered or some part thereof to the winner."

(*a*) That a sum of money was lost by playing the machine was established to the satisfaction of the jury by the testimony of plaintiff and others who saw him playing it.

(*b*) The slot machine is a device upon which one may play and lose or win. One who plays thereon bets that the dial will stop in a certain position, and whether it does or not determines who is the winner. If the player wins the money is delivered to him automatically by the machine. If he loses the machine retains the nickel deposited by him. In what essential way this mode of gambling differs from betting on the outcome of a game of cards is not apparent. In both a bet is made on the outcome of an uncertain event, and its outcome determines who is the winner and who is the loser. The slot machine in question is clearly embraced within the language of the statute "or by any other device in the nature of such playing or betting." See *Shaw* v. *Clark*, 49 Mich. 384 (13 N. W. 786, 43 Am. Rep. 474).

(*c*) The machine was owned and controlled by the defendants. No one save them had access to the money deposited in the machine. The machine was operated at their will, and a deposit of a nickel in the slot was as much a delivery to them as it would have been had their agent stood by the machine and taken it for them.

But it is said that the slot machine is a gambling

proposition in which each person playing the machine is playing with every other person who plays it. We think not. Every person that plays the machine plays with the person who owns or controls it. No two or more persons can play the machine in such a way as to eliminate the owner as a factor in the game. Whoever plays, the stakes are always held by the owners, and he either wins or loses.

The point is made that the money deposited by the plaintiff in the machine was not his money, but the money of the Michigan Central Railroad Company, from whom he embezzled it, and therefore plaintiff had no title to the money and had no right to its possession. The plaintiff was agent of the Michigan Central Railroad Company, and received the money as its agent. It came rightfully into his possession, and he was the lawful custodian of it when it went into the machine. As against the defendants he had the right to recover it. 28 Am. & Eng. Enc. Law (2d Ed.), p. 674.

The further point is made that there is no evidence upon which to base a verdict for any particular amount. The plaintiff submitted his proofs on this phase of the case in the following form: From July 1, 1913, to April 21, 1914, he took $1,044.59 from the company. During that time his salary was $500, making a total of $1,544.59. He then showed his various expenditures for living and other purposes during the same period. Deducting this from the total income he arrives at the amount he deposited in the machine. The testimony submitted on the question was sufficient to justify the finding of the jury.

The judgment of the trial court is affirmed.

KUHN, C. J., and STONE, OSTRANDER, MOORE, STEERE, and BROOKE, JJ., concurred. PERSON, J., did not sit.